UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONTE KIDD, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:06-CV-334 RM |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Donte Kidd, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Kidd alleges that he has been denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Kidd alleges that he asked to be sent to an outside hospital, but that he was delayed for months before being sent. This demand for specific care does not state a claim. Mr. Kidd alleges that he received substandard care, but an inmate is not entitled to the best care possible. Mr. Kidd alleges that he was prescribed incorrect medicine which caused him harm and that it was not promptly corrected, but neither negligence nor medical malpractice state a claim under §1983. Mr. Kidd was seen and treated. As a result of that treatment he alleges that he has been disfigured. Though the treatment choices may have been unreasonable, these facts do not suggest that the defendants wanted harm to come to him or that they selected a course of treatment with the intent of causing him harm. Mr. Kidd alleges that the doctor selected a low cost treatment, but an

inmate is not entitled to the best care possible. Mr. Kidd alleges that the defendants did not "stay apprised of the different medical procedures", did not "pay close attention to . . . patients", did not "conduct a thorough examination", and experimented with "prescription drugs without consulting an expert in the field of dermatology". Complaint at 4, Doc. No. 1-1. None of the facts support an allegation of deliberate indifference.

Based on the facts alleged by Mr. Kidd, he was seen and treated, albeit not as he would have wished. His treatment was low cost and ineffective. As a result, he has been scarred or disfigured. These allegations might state a claim for negligence or medical malpractice, but they do not state a claim of deliberate indifference which is the functional equivalent of wanting harm to come to come to the inmate.

Finally, Mr. Kidd alleges that he was improperly charged a co-payment for his medical care. To the extent that he is challenging the co-payment requirement, the Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care. Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997), and Martin v. DeBruyn, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997). To the extent that he is challenging an erroneous deduction from his inmate trust account, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state

employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. <u>Wynn v. Southward</u>, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

ENTERED: May __30__, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court